### HARRIS & MARTIN *v.* R. W. NEELEY.

[Abstract Kentucky Law Reporter, Vol. 1—55.]

**Exceptions to Evidence Offered.**
> Neither the admissibility of evidence nor the competency of evidence offered by depositions can be considered by the Court of Appeals where it is not shown that the trial court ruled upon the exceptions tendered by appellants.  Such exceptions will be treated as waived by appellants.

**Rescission for Want of Title.**
> After a plaintiff in an action for a rescission for want of title has mortgaged the land for near its value, and when they do not tender a release upon instituting the action, they are not entitled to the relief asked for.

APPEAL FROM SIMPSON CIRCUIT COURT.

June 1, 1880.

OPINION BY JUDGE HINES:

Neither the question of the admissibility in evidence of the exhibits relied upon in the court below nor the competency of the evidence offered by depositions can be considered by this court.   The court does not appear to have ruled upon any exception tendered by appellants, and the exceptions must therefore be treated as waived by appellants.   This rule is too well established to permit us to inquire into its correctness.   *Corn v. Sims,* 3 Met. 391 ; *Lewis v. Wright,* 3 Bush 311 ; *Russell's Heirs v. Marks,* 3 Met. 37.   We must treat the exhibits and the other evidence in the case as if heard without objection on the part of appellants.   So treating it we find that the paper denominated a grant from the Mexican government to Henry Jones substantially purports to vest in Jones the title to the land in controversy.   It is agreed to be a genuine document, and comes certified as a public record from the archives of the state of Texas, and

must be considered as evidence that the state of Texas asserts no claim to the land and recognized the validity of the grant from the Mexican government.

As we have already intimated, the question of the incompetency of this paper as evidence, by reason of the absence of a seal or for any other reason, cannot be considered, because it was admitted in evidence without objection. When this is supplemented with the fact that since the date of the grant, in 1824, the land has been in the undisputed possession of those claiming under the grant, and with the further fact that P. E. Pearson, skilled in the law, testifies that the title claimed under the grant is good, the conclusion is inevitable that the heirs of Henry Jones took an unblemished fee-simple title.

The next link in the chain of title is the division between the heirs of Henry Jones and the acquisition of title by the appellee from them. As to the division between the heirs the record shows that it was made by judicial proceedings, though informal, and that the several portions allotted were taken possession of by the respective heirs and have been acquiesced in ever since. This division, as shown by the deposition of Pearson, has been held as binding by the courts of Texas, and, waiving the question of title in appellee by previous division between and acquiescence by the heirs, it appears to us that the deed of agreement exhibited in evidence is sufficient to vest in appellee title, if not otherwise, by way of estoppel. The evidence, which is unquestioned, shows either signature in person by these heirs or by those having authority to sign for them, and confirmation of the instrument after signature. Power of attorney in writing and of record to sign for the heirs was not required when oral evidence of the fact had been heard without objection, which can be made available here. On the face of this record appellants are assured with title which would be sufficient for their protection against any adverse claimant, whether it be the state of Texas or the heirs of Henry Jones. The failure to have the court below rule upon exceptions to the evidence offered renders it unnecessary to answer in detail much of the able argument of counsel as to the competency of the evidence; beside, in general, whatever is unnecessary in an opinion is improper.

As to Ferris and Willie Barrett, heirs of Henry Jones, who died in infancy, it is doubtful whether, if they left any children, they would be entitled to any interest in the land; but if they left children and they were entitled to any interest it would only be one-

tenth of the land agreed to be conveyed; and as the amount shown by the survey is about 100 acres in excess of what was stipulated for in the title bond, and as such heirs, in any event, would not be entitled to more than fifty acres, the judgment will not be disturbed for such an uncertain claim and for such an insignificant amount.

We do not think that, under the circumstances of this case, time should be considered of the essence of the contract. When the first deed was made the objection was that the wife of appellee did not join in the deed, and that the courses and distances were not given with sufficient certainty. The objection that appellee had no title does not appear to have been insisted upon until the institution of this action. The action is for a rescission for want of title. In the meantime appellants had mortgaged the land for near its value, and they do not tender a release when the action is instituted for a rescission, so they were not then in an attitude to have the relief asked for. Appellants do not show damage by reason of failure to convey, and if they did we think the delay in applying for title, such as is now demanded, is as much their fault as the fault of appellee. They should not be permitted to speculate upon the chances of a rise or fall in the value of the property. *Henry v. Graddy,* 5 B. Mon., 540; 2 Chitty on Contracts 433.

There appears to be nothing to support the charge of fraud. Appellee appears to have acted in good faith, and it appears that appellants were not necessarily misled to their prejudice by any representation made by appellee.

There is nothing in the judgment for costs of which appellants have a right to complain. Under Chap. 26, Gen. Stat., appellee was properly entitled to recover the whole of his cost against appellants, appellee having succeeded on the merits of the controversy.

Judgment *affirmed.*

*R. Rodes, G. W. Whitesides, Wm. M. Gorin, for appellants.*
*Bush & Porter, A. Duvall, for appellee.*